UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -- - X   Docket No.:

DAVID SEUBERT, CAROLINE TOLBERT, MARK WHELAN, DILYS FARNEY, RICHARD HASTINGS, LYNN LANPHEAR and LINDA LANPHEAR and for all similarly situated voters of the Twenty-Fifth Congressional District in the State of New York,

                                 **Plaintiffs,**

      -against-

**ANDREW M. CUOMO,** in his official capacity as Governor of the State of New York, **THE NEW YORK STATE BOARD OF ELECTIONS,** and **THE MONROE COUNTY BOARD OF ELECTIONS**

COMPLAINT – REQUEST FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR IMMEDIATE CONSIDERATION WITH ORDER TO SHOW CAUSE

                                 **Defendants.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**There is no other pending or resolved civil action arising out of the Transactions an occurrences alleged in this complaint.**

**FOR THEIR COMPLAINT PLAINTIFFS STATE:**

1)     This Court has jurisdiction pursuant to 28 USC Sections 1331 and 1343, and 42 USC 1983.

2)     Plaintiffs seek equitable relief and seek to protect, vindicate and enforce civil and constitutional rights under the Constitution of the United States and the Constitution of the State of New York, and this cause is otherwise within the jurisdiction of this honorable court.

3)     Plaintiffs, and others similarly situated, are being denied their right to vote for a Representative in the vacant Twenty-Fifth Congressional District of New York due to the failure of Defendant Governor to comply with mandatory provisions of Article I. Section

II. Clause IV of the United States Constitution, and New York Public Officers Law Section 42[3].

4) Plaintiff David Seubert is a citizen of the United States and resident of the State of New York, having residence at 1483 East Ave, Rochester New York and is a duly registered voter of the 25th Congressional District of the State of New York, and is enrolled in the Republican Party.

5) Plaintiff Caroline Tolbert is a citizen of the United States and resident of the State of New York, having residence at 192 Greenvale Drive, Rochester New York and is a duly registered voter of the 25th Congressional District of the State of New York, and is not enrolled in a party.

6) Plaintiff Mark Whelan is a citizen of the United States and resident of the State of New York, having residence at 9 Rustic Pines, Pittsford New York and is a duly registered voter of the 25th Congressional District of the State of New York, and is not enrolled in a party.

7) Plaintiff Dilys Farney is a citizen of the United States and resident of the State of New York, having residence at 280 Ayrault Road, Fairport, New York and is a duly registered voter of the 25th Congressional District of the State of New York, and is enrolled in the Republican Party.

8) Plaintiff Richard Hastings is a citizen of the United States and resident of the State of New York, having residence at 28 Kings Lacey Way, Fairport New York and is a duly registered voter of the 25th Congressional District of the State of New York, and is enrolled in the Republican party.

9) Plaintiff Lynn Lanphear is a citizen of the United States and resident of the State of New York, having residence at 14 Jackson Park, Pittsford New York, and is a duly registered

9) ... voter of the 25th Congressional District of the State of New York, and is enrolled in the Democratic Party.

10) Plaintiff Linda Lanphear is a citizen of the United States and resident of the State of New York, having residence at 14 Jackson Park, Pittsford New York, and is a duly registered voter of the 25th Congressional District of the State of New York, and is enrolled in the Democratic Party.

11) Defendant ANDREW M. CUOMO, is a citizen of the United States and a resident of the State of New York, serving in an official capacity as Governor of The State of New York.

12) The Defendant New York State Board of Elections is charged by the laws of the State Of New York with the supervision and administration of the election process in the State of New York, including the subject Congressional District.

13) The Defendant Monroe County Board of Elections is charged by the laws of the State of New York with the administration of elections for the subject Congressional District which is entirely within Monroe County.

14) The Defendants Boards of Elections are named in this action as they are certainly interested parties and may be determined to be necessary parties.

15) This is public interest litigation in which each of the named Plaintiffs, each of whom is experiencing irreparable harm by being denied: representation, the opportunity to vote, as well as other constitutional and civil rights.

## Statement of Facts

16) Representative Dorothy Louise McIntosh Slaughter died on March 16, 2018.

17) At the time of her death, Dorothy Louise McIntosh Slaughter was a Representative of the Twenty-Fifth Congressional District of the State of New York.

18) To date, the Congressional seat previously held by Dorothy Louise McIntosh Slaughter remains vacant.

19) Defendants Boards of Elections will conduct an election for Federal offices on June 26, 2018, by law and in accordance with an Order of the United States District Court for the Northern District of New York.

20) The Plaintiffs in the instant action are registered voters of the Twenty-Fifth Congressional District. The Plaintiffs represent members of an array of political parties, races, creeds, ethnicities and genders.

21) The Plaintiffs represent a sample of the roughly 750,000 people who comprise the instant Congressional District.

22) Controlling Circuit Court --and most recent District Court-- precedent maintains that a Governor's constitutional duty to issue a Proclamation of Election is triggered by the occurrence of a vacancy in a State's Congressional District.

23) The United States Constitution reserves unto the State Legislature, the discretion to set the time, place and manner of the election.

24) In New York, the time, place, and manner of the election has been determined, by the Legislature, and is expressed in Public Officers Law Section 42 [3].

25) The Governor's Proclamation should provide for both the call for the special election to the New York State Board of Elections, and should prescribe the date upon which the election shall be held, in compliance with the New York Public Officers Law.

26) Governor Cuomo failed to fulfill his constitutional duty to issue a Proclamation of Election to the New York State Board of Elections, upon the death of Representative Slaughter (i.e. the event that triggered Art. I, Section II, Cl. IV).

27) As a result, no special election can be had in and for the Twenty-Fifth Congressional District of New York, and the Plaintiffs, and all those similarly situated, have been, and will continue to be, without a representative.

28) There is currently a Federal election scheduled in New York State for June 26, 2018.

29) In the past, state election authorities have conducted special elections concurrent with Federal primary elections; indeed, one such instance occurred as recently as 2016.

30) Plaintiffs contend that the Governor's failure to issue a Proclamation violates their rights under the United States Constitution, the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, the right of suffrage 42 USC Section 1983, and Article I, Section XI of the New York State Constitution.

## **Count I**

31) Plaintiffs incorporate by reference everything stated above, as if fully set forth herein.

32) That the office of Representative Dorothy Louise McIntosh Slaughter of the Twenty-Fifth Congressional District of New York became vacant when she died on March 16, 2018.

33) Article I, Section II, Clause IV of the New York States Constitution states that "when vacancies happen in the Representation from any State, the Executive Authority thereof shall issue Writs of Elections to fill such Vacancies."

34) The plain meaning of the language of Article I, Section II, Clause IV including the use of the word "shall" is mandatory. It is designed to assure our citizens of representation in Congress.

35) Where the plain meaning of the terms in the Constitution are discernable, no construction or interpretation is required and the terms are to be enforced as set forth.

36) Defendant was on notice of the vacancy as of March 16, 2018.

37) The Defendant could and should have been prepared to issue a Writ/Proclamation of Election, whereas a prompt and timely special election could have already taken place, pursuant to New York Public Officers Law Section 42 [3].

38) The Defendant Governor's failure to obey the aforementioned legal mandate has the effect of disenfranchising voters and depriving them of constitutionally protected rights.

39) Voting is a fundamental civil and political right under both the New York and federal constitutions.

40) Article I, Section XI of the New York State Constitution states that "No person shall be denied the equal protection of the laws of this state or any subdivision thereof.

41) The Defendant Governor's failure to issue a Writ/Proclamation of Election in a reasonably timely manner has denied each of the Plaintiffs equal enjoyment and exercise of their civil and political rights in violation of Article I, Section XI of the New York State Constitution.

42) The injury to Plaintiffs is ongoing and irreparable.

43) Defendant is causing the violation of the rights of Plaintiffs under color of state law.

**Wherefore**, Plaintiffs respectfully request that this honorable Court enter an Order [a] declaring that defendant's failure to call a special election in the Twenty-Fifth Congressional District is a violation of Article I, Section II, Clause IV of the US Constitution and related state constitutional provisions, [b] enjoining Defendant **ANDREW M. CUOMO** from continuing to delay, obstruct and otherwise violate said provisions; [c] requiring Defendant to show cause why a Writ calling for a special election should not immediately be issued; [d] alternatively, providing for a special election to be held on June 26, 2018; [e] requiring Defendant to pay Plaintiffs for attorney fees and costs involved in bringing this action together with such other and further relief as the Court may deem appropriate.

## Count II

44) Plaintiffs incorporate by reference everything stated above as if fully set forth herein.

45) The due process clause of the 14th Amendment of the United States Constitution protects against the disenfranchisement of a states electorate in violation of the United States Constitution and the New York Public Officers Law as detailed above.

46) The refusal of the Defendant Governor to promptly call a special election for the Twenty-Fifth Congressional District of New York, deprives Plaintiffs of the constitutionally protected right to vote under color of state law.

47) The refusal of the Defendant Governor to promptly call a special election for the Twenty-Fifth Congressional District of New York is a violation of the right of suffrage enjoyed by Plaintiffs under federal law and the United States Constitution (See Rossito-Canty v. Cuomo, (15-CV-0568 [E.D.N.Y]) also see Edwards v. Sammons, 437 F2d 1240 [5th Cir 1971]).

48) The refusal of the Defendant Governor to call a special election and the resulting disenfranchisement is even more egregious when one considers the fact that an election is already scheduled for June 26, 2018.

49) Rule 81 [b] of the Federal Rules of Civil Procedure makes "relief heretofore available by mandamus" obtainable by Plaintiffs in this Court.

50) The injury to Plaintiffs' constitutional and civil rights are irreparable and cannot be justified or excused based upon the costs or difficulties in calling for or holding a special election.

**WHEREFORE**, Plaintiffs respectfully request that this honorable Court enter an Order: [a] declaring that Defendant's delay, failure or refusal to issue a Writ/Proclamation of Election to fill the vacancy in the Twenty-Fifth Congressional District of New York, is a violation of the constitutional rights set forth above; [b] enjoining Defendant from continuing to unnecessarily delay, deny or refuse to issue such Writ/Proclamation; [c] requiring Defendant to pay Plaintiffs for attorney fees and other costs involved in bringing this action; [d] alternatively, providing for a

special election to be held on June 26, 2018, and; [e] such other "relief heretofore available by mandamus" as the Court may deem appropriate.

## Count III

51) Plaintiffs incorporate by reference everything stated above as if it were fully set forth herein.

52) A separation of powers question is presented when one branch's inaction impermissibly undermines, without appreciable expansion of its own powers, the role of another branch. [See Comodity Futures Trading Commission v. Schor, 473 US 833, 106(1986)].

53) The language of Article I, Section II, Clause IV of the US Constitution is mandatory. Defendant lacks the constitutional authority to reduce the number of House members through his failure or refusal to comply with New York Public Officers Law Section 42[3].

**WHEREFORE,** Plaintiffs respectfully request that this honorable Court protect the Constitutional separation of powers and the fundamental political and civil rights of Plaintiffs by entering an Order: [a] declaring that Defendant **ANDREW M. CUOMO**, in his official capacity as Governor of the State of New York is in violation of his ministerial duties under the New York State Constitution; [b] enjoining the Defendant from continuing to delay, obstruct or otherwise prevent the occurrence of a special election, and; [c] requiring the Defendant to pay attorney's fees involved in bringing this action pursuant to 42 USC 1981, and; [d] alternatively, providing for a special election to be held on June 26, 2018, along with; [e] such other, further, and different relief as this honorable Court deems proper.

## Count IV

54) Plaintiffs incorporate by reference everything stated above as if it were fully set forth herein.

55) First Amendment freedoms extend to political activities such as running for elective office.

56) State election practices must serve legitimate state interests, narrowly and fairly to avoid obstructing and diluting fundamental liberties such as freedom to run for office. [See Briscoe v Kusper, 435 F2d 1046 [7th Cir 1970].

57) It violates the First Amendment freedoms of all residents of the Twenty-Fifth Congressional District of New York who may qualify to run for said seat, to fail to promptly issue the required Writ/Proclamation of Election.

**WHEREFORE**, Plaintiffs respectfully request that this honorable Court enter an Order: [a] declaring that the failure to promptly issue a Writ/Proclamation for special election in the Twenty-Fifth Congressional District is a violation 28 USC Sections 1981 and 1983 and of the Constitution of the State of New York; [b] Declaring that Defendant's failure to issue the required Writ/Proclamation is a violation of the constitutional and civil rights of Plaintiffs; [c] Ordering Defendant Governor **ANDREW M. CUOMO** in his official capacity to issue the necessary Writ/Proclamation within five (5) days of entry of the Order; [d] enjoining Defendant from continuing to delay or to refuse to issue the necessary Writ/Proclamation; [e] Such other relief as may be appropriate to protect the interests of Plaintiffs and [f] Ordering Defendant to pay for Plaintiffs' attorneys fees and costs.

Dated: Mineola, New York  **Respectfully submitted on behalf of all Plaintiffs by:**
April 17, 2018

**BEE READY FISHBEIN**, **HATTER & DONOVAN, LLP**

By: _____/s/_____
Andrew K. Preston
John Ciampoli, *of Counsel*
*Attorneys for Plaintiffs*
170 Old Country Road
Mineola, New York  11501
(516) 746-5599
Fax No. (516) 746-1045