## STATEMENT OF THE CASE

This Memorandum of Law is submitted in support of Plaintiffs' motion for a Writ of Mandamus, ordering the Defendant **ANDREW M. CUOMO**, in his official capacity as Governor of The State of New York, (hereinafter "Governor Cuomo"), to issue a Writ of Election [1] (hereinafter "Proclamation of Election", "Writ" or "Proclamation") for the Twenty-fifth Congressional District of New York, and for such other and alternative relief particularized in the Complaint.

Representative Dorothy Louise McIntosh Slaughter (hereinafter "Representative Slaughter") died on March 16, 2018. At the time of her death, Representative Slaughter was a Representative of the Twenty-Fifth Congressional District of the State of New York. To date, the seat previously held by Representative Slaughter remains vacant.

Plaintiffs are residents and registered voters of the Twenty-Fifth Congressional District. Plaintiffs are members of an array of political parties, races, creeds, ethnicities, and are of different genders. These Plaintiffs represent a sample of the roughly 720,000 people who comprise the instant Congressional District.

Controlling Circuit Court precedent maintains that a Governor's constitutional duty to issue a Proclamation of Election, is triggered by the occurrence of a vacancy in a State's Congressional District. The United States Constitution reserves unto the State Legislature, the discretion to set the time, place, and manner of the election. [2] In New York, the time, place and manner of the election has been determined by the legislature and is expressed in Public Officers Law Section 42[3], which states that a special election is to take place not less than 70 and no more than 80

---

[1] New York refers to such a Writ as a "Proclamation of Election".
[2] United States Constitution Art. I Section IV, Clause I.

days[3] from the Governor's Proclamation of Election. This is the only discretion that the Governor has in connection with special elections and House seats combined.

The Proclamation should provide for both the call for the special election to the New York State Board of Elections, and should prescribe the date upon which the election shall be held, in compliance with the New York Public Officers Law.

Governor Cuomo failed to exercise his constitutional duty to issue a Proclamation of Election to the New York State Board of Elections, upon the death of Representative Slaughter (i.e. the event that triggered Art. I, Section II, Clause. IV). No Proclamation of Election has been issued since Representative Slaughter's death, up to, and including the time of the filing of this action.

As a result, no special election can be had in and for the Twenty-Fifth Congressional District of New York, and the Plaintiffs and all those similarly situated, have been, and will continue to be, without a representative.

Shockingly, this failure to issue a proclamation comes with an election for federal offices scheduled for June 26, 2018. In 2016, Defendant Governor actually proclaimed special elections which were conducted at the same time as the federal presidential primary election.

Plaintiffs contend that the Governor's failure to issue a Proclamation violates their rights under the United States Constitution, the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, the right of suffrage, 42 USC Section 1983, and Article I, Section XI of the New York State Constitution.

---

[3] Governor Cuomo signed a bill in 2011 enlarging this time period from its former 30-40 day period. At that time he maintained "This law makes sure that all New Yorkers including those serving in the military have their votes counted." Governor Cuomo said, "Our electoral process only functions properly when all citizens have the chance to participate. I thank the legislature for quickly and unanimously passing this measure so that I could sign it into law and call a special election to ensure fair representation in the 26[th] Congressional District."

## JURISDICTION AND STANDING

This Court has subject matter jurisdiction over this case pursuant to 28 USC Section 1331 (federal question). Plaintiffs contend that Governor Cuomo has violated Article I, Section II, Clause. IV of the United States Constitution, the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, the right of suffrage, 42 USC Sections 1981 and 1983, and Article I, Section XI of the New York State Constitution, by denying voters in New York's Twenty-Fifth Congressional District, the right to vote, and to equal representation, resulting from his failure to call for a special election, and to set a date for same, in accord with the New York Public Officers Law. The Plaintiffs have standing to bring this claim because as a result of Defendant's failure: (i) the Plaintiffs have suffered an injury in fact that is actual, concrete and particularized, to wit, the deprivation of a special election for a vacant congressional district; (ii) the injury is fairly traceable to the challenged action of the Defendant, because he is the only person who has the authority pursuant to the United States Constitution to call for a special election for a United States Representative in New York State; (iii) it is likely, as opposed to merely speculative that the injury will be redressed by an Order of Mandamus from this Court, requiring the Governor to comport with his constitutional duty by issuing a Proclamation of Election forthwith.

## ARGUMENT

## I.     THE CONSTITUTION MANDATES THAT GOVERNOR CUOMO ISSUE A PROCLAMATION OF ELECTION

Article I, Section II, Clause IV of The United States Constitution mandates "[w]hen vacancies happen in the Representation from any State, the Executive Authority thereof shall issue Writs of Election to fill such vacancies." In brief, Plaintiffs maintain that they have a right, created by the federal constitution, to representation in the House of Representatives notwithstanding the resignation of the Representative elected from their district for the current term, and that the above-

quoted clause imposes a duty and does not merely confer authority upon Governor Cuomo. In Jackson v. Ogilvie, (426 F2d 1333 [7th Cir 1970]) the Circuit Court maintained that "[t]he language is mandatory according to the ordinary meaning of its terms." The court further maintained that "[I]t serves to make clear that the people's right to chosen representation, is not limited to exercise at a biennial election, but is a continuing right, which is not to be defeated by death of a Representative once chosen, or other cause of vacancy" (See Ogilvie at 1336). In a debate in the House of Representatives in 1804 concerning the validity of a special election, Representative Findley stated, in support of the prompt holding of a special election that "the Executive shall issue writs, is the language of command; it renders the issuing of the writs an indispensable duty."[4]

Some 34 years later, the 6th Circuit followed, and maintained that "[L]ike the Seventh Circuit, we conclude that Article I, Section II, Clause IV is mandatory" (American Civil Liberties Union of Ohio, Inc. v. Taft, 385 F.3d 641 [6 Cir. 2004]). In Ogilvie, the Seventh Circuit held that "[I]n performing the duty established in Article I, Section II, Clause IV, the Defendant Governor did not have discretion to decide against filling the vacancy" (Ogilvie at 1337). Plaintiffs maintain that the Defendant's failure to issue a Proclamation of Election, (a ministerial act), more than thirty (30) days from the death of Representative Slaughter, is a de facto refusal to call for the election.

There is no justifiable reason, nor has one been proffered as to why a Proclamation of election has not been issued. As a result of the Governor's de facto refusal to issue a Proclamation of Election, there is no special election in sight. The people of the Twenty-Fifth Congressional District of New York are left to wait, day after day with bated breath, without a Representative, for the Governor to act in accord with his constitutional mandate. Controversies of this type in the election field are peculiarly "capable of repetition, yet evading review" (See Moore v. Ogilvie, 394

---

[4] Quote din M. St. Clair Clarke and David A. Hall, Cases of Contested Elections [Washington D.C. 1834], the case of John Hoge of Pennsylvania, at page 139.

US 814 [1969]). As to enforcement, the Court in <u>Jackson v. Ogilvie</u> reasoned, that in the case of a Governor's failure to issue the Writ of Election, a mandatory injunction would be appropriate.

Clearly, the longer that the Governor waits to issue a Proclamation of Election, the easier it is to make a case for calling for the special election to coincide with the General Election, thus rendering the district unrepresented for nearly six months.

Certainly, this could not be what the framers envisioned when they established procedures that envision calling for a special election to fill vacancies in the House, otherwise Article I, Section II, Clause IV <u>*would read*</u> "in the event of a vacancy, such vacancy shall be filled at the next general election" - The Constitution <u>does not</u> include such a clause, and for good reason. Therefore, Plaintiffs maintain that Governor Cuomo's <u>de facto</u> refusal to issue the mandatory Proclamation is unconstitutional and has caused them irreparable harm.

## II.     THE NEW YORK STATE LEGISLATURE HAS ALREADY DETERMINED THE TIME, PLACE AND MANNER OF THE SPECIAL ELECTION

<u>Article I, Section IV, Clause I</u> of the United States Constitution, and a federal Statute, at <u>2 USC Section 8[a]</u>, provide that the times, places and manner of holding elections for Representatives shall be prescribed by the various State Legislatures. The New York State Legislature has prescribed for the time place and manner of special elections in <u>New York Public Officers Law Section 42 [3]</u>. <u>Section 42 [3]</u> of the Public Officers Law provides in part that "upon the occurrence of a vacancy **in any elective office** which cannot be filled by appointment for a period extending to or beyond the next general election at  which a person may be elected thereto, the governor may in his or her discretion make proclamation of a special election to fill such office, specifying the district or county in which the election is to be held, and the day thereof, which shall not be less than seventy nor more than eighty days from the date of the proclamation" [Emphasis added].

A.    THE PUBLIC OFFICERS LAW MUST BE READ IN CONJUNCTION
      WITH ARTICLE I, SECTION II, CLAUSE IV OF THE UNITED STATES
      CONSTITUTION SO AS NOT TO VIOLATE THE SUPREMACY
      CLAUSE

In Section 42 [3], the Legislature casts a broad net which includes the New York State Assembly, and the New York State Senate for the purposes of filling vacancies. There is no controversy that Governor Cuomo may, in his discretion, either choose to, or choose not to, call for special elections in these categories of elected officials to the New York State Legislature. However, as this section also includes the United States House of Representatives, the section must be read in conjunction with the superseding mandatory "shall" language of Article I, Section II, Clause IV, pursuant to the Supremacy Clause.

The Supremacy Clause of the United States Constitution, in Article VI, Clause II, establishes that the United States Constitution, federal statutes, and treaties are "the supreme law of the land." It provides that these are the highest forms of law in the United States, and mandates that all state judges must follow federal law when a conflict arises between federal law and either a states constitution or state law of any state[5]. In Federalist No. 44, James Madison defends the Supremacy Clause as vital to the functioning of the nation. He noted that state legislatures were invested with all powers not specifically defined in the constitution, but also said that having the federal government subservient to various state constitutions would be an inversion of the principles of government, concluding that if supremacy were not established "it would have seen the authority of the whole society everywhere subordinate to the authority of the parts; it would have seen a monster, in which the head was under the direction of its members."

In Ableman v. Booth, 62 US 506 (1859) the Supreme Court held that under Article III of the Constitution, the federal courts have the final jurisdiction in all cases involving the Constitution

---

[5] In Federalist No. 33, Alexander Hamilton argues that the Supremacy Clause is simply an assurance that the government's power can be properly executed.

and laws of the United States, and that the States therefore cannot interfere with federal court judgments. As exhibited herein, Circuit Courts that have rendered decisions in similar cases have deemed the word "shall" in Article I, Section II, Clause IV as mandatory, and the language of command. Never have the Courts deferred to Governor's claimed prerogative to endlessly delay, deprive, and disenfranchise the constituency of a congressional district. In fact, the Court in Taft went as far as to say "To the extent that the Ohio election code purports to give unfettered discretion to Governor Taft regarding the time for calling the special election, it is not a meaningful standard entitled to deference" (Taft, 385 F3d 641 at Fn 6.). Reading the Public Officers Law without Article I provides Governor Cuomo with the same unfettered discretion that the Taft Court determined as "not a meaningful standard entitled to discretion." Also See Rossito-Canty v. Cuomo, (15-CV-0568 [E.D.N.Y 2015]). This Court cannot provide Governor Cuomo with the unfettered, unchecked, and unilateral authority to diminish the number of Representatives in the United States House of Representatives.

In Edgar v. MITE Corp., 457 US 624 [1982] the Supreme Court ruled that "[A] state's statute is void to the extent that it actually conflicts with a valid Federal Statute, and will be held to violate the Supremacy Clause when one (or both) of the following two conditions exist: (1) Compliance with both Federal and State law is impossible and/or (2) State law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.

Plaintiffs argue that New York Public Officers Law Section 42 [3] is constitutional for the purposes of filling United States House of Representatives vacancies, **only if** it is read and acted upon contemporaneously with Circuit Court rulings that have deemed the Proclamation[6] [1] both mandatory, and triggered upon the happening of the vacancy, and [2] that the Governor's unfettered discretion as to when to call a special election for a State Assembly or State Senate race

---

[6] Pursuant to Article I, Section II, Clause IV of the United States Constitution

is replaced by the dictates and spirit of <u>Article I</u> of the United States Constitution and the <u>Supremacy Clause</u>. In other words, the correct way to read New York Public Officers Law in the event of a United States House of Representatives vacancy, is to substitute the words "may in his discretion" for the word "shall". If the Public Officers Law section 42 [3] is read in a vacuum, the Governor obtains unfettered, unchecked, and unilateral discretion to call for a special election or not, which the Circuit Courts have deemed unconstitutional. For example, if <u>Public Officers Law Section 42 [3]</u> were to be read without Article I and the Supremacy Clause, it would provide that the governor "***may in his discretion*** make proclamation of a special election to fill such office, specifying the district or county in which the election is to be held, and the day thereof, which shall not be less than seventy nor more than eighty days from the date of the proclamation."

However, <u>Public Officers Law Section 42 [3]</u> read in conjunction with Article I and the Supremacy clause provides that the Governor "***shall*** make proclamation of a special election to fill such office, specifying the district or county in which the election is to be held, and the day thereof, which shall be not less than seventy nor more than eighty days from the date of the proclamation."

It is unclear in this case, as it was in <u>Rossito-Canty v. Cuomo</u>, (15-CV-0568 [E.D.N.Y]) how, exactly, Governor Cuomo is reading this statute. However, it is clear to the Plaintiffs that Governor Cuomo is failing to observe his constitutional mandate. Plaintiffs vigorously and with due respect ask this Court promptly to cause Governor Cuomo by mandamus to issue a Proclamation of Election in conjunction with the Public Officers Law immediately. Plaintiffs do not disagree that the Governor has the discretion to choose the date of the election, not fewer than seventy nor more than eighty days from the date from a legally-issued Proclamation of Election.

**III. THE GOVERNOR'S <u>DE FACTO</u> REFUSAL TO ISSUE A PROCLAMATION OF ELECTION HAS DISENFRANCHISED THE VOTERS OF THE TWENTY-FIFTH CONGRESSIONAL DISTRICT**

Governor Cuomo has neglected the constituents of the Twenty-Fifth Congressional District by failing to call for a special election. The soonest date that the people of the Twenty-Fifth Congressional District would be able to have an election to fill the vacancy would be 70-80 days from the Governor's issuance of the Proclamation of Election. Therefore, any delay would constitute an egregious amount of time for a constituency of any number to be without a representative (especially for the Twenty-Fifth congressional district which contains nearly 720,000 people). A mere perusal of current news articles reveals that there are vitally important issues that will come before the congress in the remaining months of 2018. Plaintiffs call for this honorable Court to act, and to issue a Writ of mandamus forthwith, Ordering Governor Cuomo to immediately Issue a Proclamation of Election. It is unknown whether the Governor is purposely delaying the Proclamation in a calculated, political attempt to push back the special election to coincide with the November General Election, or whether he has any intention to call the special election at all. Defendant's motive is of no matter because the constitutional rights of the voters of the Twenty-Fifth Congressional District continue to be abridged. They have no representative, and accordingly no voice in the United States House of Representatives. "The Governor does not have discretion to decide against calling a special election at all, nor does he have discretion to delay the special election, as to do so would run a serious risk of rendering the calling of a special election of so little use, that the duty to call it will no longer be enforceable" (Fox v. Paterson, 715 F. Supp. 2D 431 [W.D.N.Y 2010]).

## IV.    CONCLUSION

For all of the reasons set forth herein, Plaintiffs respectfully request that this honorable Court grant the instant application for a Writ of Mandamus ordering Governor Cuomo to issue a Proclamation of Election forthwith, in accordance with the United States Constitution, Article

I., Section II, Clause IV, and New York Public Officers Law Section 42[3], setting a date for the election not less than 70 but no more than 80 days from the issuance of such Proclamation.

Dated: Mineola, New York
      April 17, 2018

**Respectfully Submitted on behalf of all Plaintiffs by:**

Yours, etc.,

**BEE READY FISHBEIN HATTER & DONOVAN, LLP**

By:           /s/

      Andrew K. Preston
      John Ciampoli, *of Counsel*
      *Attorneys for Plaintiffs*
      170 Old Country Road
      Mineola, New York  11501
      (516) 746-5599 Fax No.
      (516) 746-1045
      **File No.:**