UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DAVID SEUBERT, CAROLINE TOLBERT, MARK
WHELAN, DILYS FARNEY, RICHARD HASTINGS,
LYNN LANPHEAR and LINDA LANPHEAR and for
all similarly situated voters of the Twenty-Fifth
Congressional District in the State of New York,

                                Plaintiffs,

                                Case # 18-CV-6303-FPG

v.

                                DECISION AND ORDER

ANDREW M. CUOMO, in his official capacity as
Governor of the State of New York, THE NEW YORK
STATE BOARD OF ELECTIONS, and THE MONROE
COUNTY BOARD OF ELECTIONS,

                                Defendants.

On April 17, 2018, Plaintiffs filed a Complaint alleging that Defendants violated their constitutional rights by failing to schedule a special election to fill the seat left vacant in New York's 25th Congressional District by the death of Congresswoman Louise M. Slaughter on March 16, 2018. *See* ECF No. 1. Specifically, they allege four claims:[1] (1) Cuomo violated, and continues to violate, Article I, Section II, Clause IV of the United States Constitution by failing to call a special election; and Cuomo's failure to act violates (2) the Fourteenth Amendment by denying Plaintiffs the right to vote, (3) the separation of powers principle, and (4) the First Amendment by denying Plaintiffs the ability to run for office. *Id.* Based on these claims, Plaintiffs seek equitable relief compelling Cuomo to proclaim and schedule a special election to fill the vacant seat by writ of mandamus. *Id.*

---

[1] Plaintiffs refer to their claims as "counts," echoing the language seen in criminal indictments. For the sake of clarity, the Court will call them "claims."

Plaintiffs filed a Motion for Writ of Mandamus and a Motion for an Expedited Hearing on the writ, which are currently before the Court. ECF Nos. 2, 6.

By statute, the Court may compel federal officials to perform a duty via a writ of mandamus. *See* 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee *of the United States or any agency thereof* to perform a duty owed to the plaintiff.") (emphasis added). The Court does not have the power, however, to issue a writ of mandamus compelling a state official to perform a duty. *See, e.g.*, *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988) ("[F]ederal courts have no general power to compel action by state officials[.]"); *Annan v. State of New York Dep't of Motor Vehicles*, 15-CV-1058 (CBA) (CLP), 2016 WL 8189269, at *4 n.4 (E.D.N.Y. Mar. 2, 2016) ("[T]he Court lacks jurisdiction to grant mandamus relief against state officials."); *Spiteri v. Russo*, No. 12-CV-2780 (MKB)(RLM), 2013 WL 4806960, at *16 n.25 (E.D.N.Y. Sept. 7, 2013) ("Federal courts have jurisdiction over claims against federal officers under [28 U.S.C. § 1361] but do not have jurisdiction over mandamus actions brought against state officers."); *Reyes v. New York*, No. 08-CV-1679 (DLI), 2008 WL 2120783, at *1 (E.D.N.Y. May 19, 2008) ("District courts are not authorized, however, to compel a state or state officials to perform a particular duty.").

Accordingly, Plaintiffs' Motion for a Writ of Mandamus, ECF No. 2, is DENIED, and the Motion for an Expedited Hearing, ECF No. 6, is DENIED AS MOOT.

IT IS SO ORDERED.

Dated: April 26, 2018
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court