UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DAVID SEUBERT, et al.,

       Plaintiffs,

                  Case # 18-CV-6303-FPG

v.

                  DECISION AND ORDER

ANDREW M. CUOMO, in his official capacity
as Governor of the State of New York, et al.,

       Defendants.

On April 17, 2018, Plaintiffs commenced this action against Defendants and moved for a writ of mandamus. ECF Nos. 1, 2. The Court denied Plaintiffs' motion nine days later. ECF No. 8. Plaintiffs have taken no further action; they have not served their complaint on Defendants and no Defendant has appeared.

As a result, the Court issued an order to show cause on March 15, 2019, ECF No. 9, directing Plaintiffs to show cause in writing by April 15, 2019, why their case should not be dismissed since the case has been pending for six months and Plaintiffs were not in compliance with a Court order. *See* Loc. R. Civ. P. 41(b) ("If a civil case has been pending for more than six (6) months and is not in compliance with the directions of the Judge . . ., the Court may . . order [] the parties to show cause within thirty (30) days why the case should not be dismissed . . . ."). In the Order, the Court explicitly warned Plaintiffs that "[f]ailure to comply with this Order will result in the dismissal of this action with prejudice" in accordance with Local Rule 41(b). ECF No. 9; Loc. R. Civ. P. 41(b) ("If the parties fail to respond, the Judge may issue an order dismissing the case . . . ."). Plaintiffs have not responded to the Court's order to show cause.

While dismissing a case for failure to comply with a court order is a "harsh remedy," district judges have the discretion to do so. *Lopez v. Pichardo 2230 Rest. Corp.*, 734 F. App'x 16, 17 (2d Cir. 2018) (summary order). To guide their exercise of that discretion, the Second Circuit has provided five factors for trial judges to consider: (1) whether the plaintiff's failure to prosecute caused a delay of significant duration; (2) whether the plaintiff was given notice that further delay would result in dismissal; (3) whether the defendant was likely to be prejudiced by further delay; (4) the balance between alleviating court calendar congestion and the plaintiff's right to an opportunity to be heard; and (5) the efficacy of lesser sanctions. *Id.* at 17-18 (citing *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)).

Here, considering these factors, dismissal is appropriate. First, Plaintiffs' inaction has caused significant delay. Plaintiffs originally filed their complaint on April 17, 2018. ECF No. 1. The Court denied their motion on April 26, 2018. ECF No. 8. Since then, there has been no activity in this case save the Court issuing its order to show cause. While there is no bright-line rule as to what amount of delay is "significant," *Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013), the length of Plaintiffs' delay—nearly twelve months—satisfies the first factor.

While the second factor—notice—was satisfied in the Court's second order to show cause, the third factor is not satisfied. Defendants have yet to appear in this case and thus suffer no prejudice from Plaintiffs' delay and inactivity.

As for the fourth factor, Plaintiffs have relinquished their right to be heard based on their refusal to effectively prosecute this case and to respond to Court orders. *See Davison v. Grillo*, No. 05 CV 4960(NG)LB, 2006 WL 2228999, at *2 (E.D.N.Y. Aug. 3, 2006) ("It is not an efficient use of the Court's or defendants' resources to permit this case to languish on the docket in the hope that plaintiff will reappear in the future.").

Finally, no lesser sanction exists that will compel Plaintiffs to respond to the Court's order to show cause. Plaintiffs' counsel has received electronic notification of Court filings. The Court is left to conclude that Plaintiffs no longer want to prosecute this case.

Consequently, Plaintiffs' complaint, ECF No. 1, is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to enter judgment for Defendants and close this case.

IT IS SO ORDERED.

Dated: April 18, 2019
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court